**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**COMPLAINT**

| | |
|---|---|
| **YARDRICK DIAMOND,**<br><br>Plaintiff,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>Defendant. | CASE NO.<br>________________________<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes ☐ No |

## INTRODUCTION

1. This is a civil action for actual, statutory, and punitive damages, costs, and attorney's fees brought by Yardrick Diamond ("Plaintiff"), an individual consumer, against Defendant Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claims occurred in this judicial district. Defendant Experian transacts business in this district, and Plaintiff resides in this district.

3. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff, Yardrick Diamond, is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c), residing in DeKalb County, Georgia.

5. Upon information and belief, Defendant Experian Information Solutions, Inc. is a "consumer reporting agency" with a principal address at 475 Anton Blvd., Costa Mesa, CA 92626. Experian may be served through its registered agent, C T Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805 [VERIFY REGISTERED AGENT AGAINST GEORGIA eCORP BEFORE FILING].

6. Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

7. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

8. The acts described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" include its owners, officers, agents, and/or employees.

## STATUTORY FRAMEWORK

9. According to 15 U.S.C. § 1681 of the FCRA, the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

10. According to 15 U.S.C. § 1681i(a)(1)(A), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

11. According to 15 U.S.C. § 1681e(b) of the FCRA, whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

12. Defendant is subject to civil liability under 15 U.S.C. § 1681n for willful noncompliance and 15 U.S.C. § 1681o for negligent noncompliance with the FCRA.

## FACTUAL ALLEGATIONS

13. On May 1, 2020, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Georgia, and Plaintiff subsequently received a discharge.

14. In or around January 2026, Plaintiff reviewed Plaintiff's Experian consumer disclosure and observed multiple accounts reporting inaccurate, incomplete, and materially misleading information, including accounts subject to active settlement agreements that Experian was reporting as fully past due with no indication of any settlement arrangement.

15. On or about January 21, 2026, Plaintiff sent a written dispute to Experian disputing the completeness and accuracy of specific accounts and items of information in Plaintiff's file, identifying each account by furnisher name and account number and describing the specific inaccuracies. (*See* Exhibit A).

16. In the same written correspondence, Plaintiff also requested: (a) a complete copy of Plaintiff's full consumer file pursuant to 15 U.S.C. § 1681g; (b) a description of the procedures used to determine the accuracy and completeness of the disputed information, including the name, address, and telephone number of each furnisher contacted, pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii); and (c) that a specific, written consumer statement of dispute be added to Plaintiff's file if any disputed account was not deleted.

17. Experian received and processed Plaintiff's dispute. Experian's own subsequent consumer disclosure reflects that certain of the disputed tradelines now carry the remark "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act),"

and both Capital One tradelines carry the remark "Account previously in dispute – investigation complete, reported by data furnisher."

18. On or around February 2026, Experian sent back the results of Plaintiff's dispute, representing that the disputed accounts had been "Updated" and/or "Verified as Accurate." Notwithstanding those representations, Experian continued — and as of July 8, 2026 continues — to report the disputed information inaccurately and incompletely, as demonstrated by Plaintiff's July 8, 2026 Experian consumer disclosure. (See Exhibit B).

***Experian Continues to Misreport Accounts Subject to Active Settlement Agreements***

19. Among the accounts disputed in Plaintiff's January 21, 2026 correspondence were multiple accounts subject to active settlement agreements and/or partial-payment arrangements under which Plaintiff has been performing, including accounts furnished by LVNV Funding LLC, Midland Credit Management, Merrick Bank, and Mission Lane. Plaintiff's dispute identified each account by furnisher and account number, advised Experian of the settlement arrangements and the agreed settlement balances, and disputed the balances, past-due amounts, and payment histories Experian was reporting on each account. (*See* Exhibit A).

20. As of July 8, 2026 — more than five months after Plaintiff's dispute — Experian continues to report each of these accounts at the full pre-settlement balance, with the entire balance reported as "past due," and with no notation, remark, or comment of any kind indicating that any of the accounts is subject to a settlement arrangement. Experian's own report contradicts itself: it reflects a recent payment on the Mission Lane account and a declining balance on the Midland Credit Management account — confirming

Plaintiff's ongoing performance under the arrangements — while simultaneously reporting the full balances on those same accounts as past due.

21. The Consumer Data Industry Association's Credit Reporting Resource Guide ("CRRG"), which governs Metro 2 credit reporting, provides a Special Comment Code specifically for accounts "paying under a partial payment agreement," precisely so that users of consumer reports are not misled into believing that a consumer performing under a settlement arrangement is simply delinquent on the full balance.

22. Reporting the full balance of an account as "past due" when the consumer is performing under a settlement or partial-payment arrangement is materially misleading. *See Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619 (6th Cir. 2018); *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800 (7th Cir. 2023) (reasonable jury could find omission of a payment arrangement from a consumer's report materially misleading).

***Experian Reports a Facially Impossible Payment History on the Capital One Account***

23. Plaintiff's January 21, 2026 dispute also disputed the payment history on Plaintiff's open Capital One account (Account No. 517805XXXXXX), advising Experian that the reported payment history was inaccurate and did not reflect Plaintiff's monthly payments.

24. As of July 8, 2026, Experian reports a payment history on the open Capital One account that is internally inconsistent and facially impossible: Experian reports the account as 120 days past due in January 2026, 150 days past due in February 2026, "no data" for March 2026, current from April through June 2026, and then 30 days past due in July 2026. An account cannot progress from 150 days past due to current in a single reporting cycle

absent a corresponding curing event, and Experian's own reported balance history reflects no such event. This delinquency pattern is patently inconsistent and materially misleading to any user of the report.

***Experian Fails to Note Plaintiff's Disputes on Disputed Tradelines***

25. Despite Plaintiff's specific written disputes identifying the Merrick Bank, Mission Lane, and Credit First (CFNA/BSRO) accounts by name and account number, as of July 8, 2026 Experian reports each of those tradelines with no notation whatsoever that the account is or ever was disputed by the consumer, in violation of 15 U.S.C. § 1681i(c).

***Experian Refused to Add Plaintiff's Consumer Statement***

26. Plaintiff's January 21, 2026 correspondence included a specific, written, 100-word consumer statement and requested that Experian add the statement to Plaintiff's file if any disputed account was not deleted. (See Exhibit A).

27. The disputed accounts were not deleted. Nevertheless, Plaintiff's July 8, 2026 Experian consumer disclosure states, under “Personal statements”: “No statement(s) present at this time.” (See Exhibit B).

28. Plaintiff's statement was clear, relevant, and non-frivolous, and Experian had no lawful basis to refuse to include it.

***Experian Failed to Provide the Full File Disclosure and the Description of Its Reinvestigation Procedures***

29. Plaintiff's January 21, 2026 correspondence requested a complete copy of Plaintiff's consumer file pursuant to 15 U.S.C. § 1681g, including all information in Plaintiff's file, all inquiries, the identity of all entities that had accessed Plaintiff's report, and all prior investigation results. [VERIFY WITH CLIENT: confirm Experian did not mail the full file disclosure. If a disclosure was received, remove or conform this section and Count VI.]

30. Upon information and belief, Experian failed and refused to provide Plaintiff with the full file disclosure required by 15 U.S.C. § 1681g.

31. Plaintiff's January 21, 2026 correspondence also requested, pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii), a description of the procedure used to determine the accuracy and completeness of the disputed information, including the name, address, and telephone number of each furnisher of information contacted in connection with the reinvestigation. [VERIFY WITH CLIENT: confirm no procedure description was received.]

32. Upon information and belief, Experian failed and refused to provide the required description of its reinvestigation procedures or the identity and contact information of the furnishers it contacted, leaving Plaintiff without any means of evaluating whether Experian's reinvestigation complied with the FCRA.

***Experian's Reinvestigation Was Not Reasonable***

33. Experian's reinvestigation results were not proper, and as a result Experian continued reporting information that is materially misleading and thus inaccurate. *See Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (an item of

information is "inaccurate" if it is either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions"); *see also Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 944–45 (11th Cir. 2021).

34. Experian received Plaintiff's dispute but wholly and entirely failed to conduct the reasonable reinvestigation required by law. Instead, Experian merely "parroted" the information dictated to it by the furnishers, notwithstanding that Plaintiff had provided Experian with specific, account-level information identifying the settlement arrangements, the agreed balances, and the specific payment-history errors.

35. Experian failed to review and consider all relevant information submitted by Plaintiff, failed to provide all relevant information regarding Plaintiff's disputes to the furnishers, failed to conduct any independent investigation, and failed to delete or modify information it could not properly verify.

36. Experian's continued reporting of the disputed information after Plaintiff's specific written dispute — including its continued reporting of full balances as past due on performing settlement accounts, a facially impossible delinquency progression, missing dispute notations, and its refusal to add Plaintiff's consumer statement — is evidence of Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

37. The failures of Experian to comply with the FCRA include, but are not limited to: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the

inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately reinvestigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete or modify information that was found to be inaccurate or could not be verified; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

***Dissemination, Injury, and Standing***

38. Experian prepared and published to third parties consumer reports about Plaintiff containing the inaccurate information described above. Plaintiff's July 8, 2026 Experian disclosure reflects that on June 5, 2026 — months after Plaintiff's dispute — Experian furnished Plaintiff's consumer report to United Auto Credit Co., an auto financing company, in connection with Plaintiff's application for automobile financing. [VERIFY WITH CLIENT: obtain the adverse action notice or credit terms from the United Auto Credit application and conform this section.]

39. Credit scoring algorithms take account status, balances, and amounts past due into consideration when generating a credit score, and Experian's inaccurate reporting has caused a lower credit score to be generated for Plaintiff. As of July 8, 2026, Plaintiff's FICO Score 8 based on Experian data was 477, and Experian's own report identifies the reported delinquent balances and past-due amounts as factors harming Plaintiff's score.

40. Plaintiff's injury is “particularized” and “actual” in that Plaintiff has suffered a lower credit score, credit denials and/or less favorable credit terms, and the loss of opportunities to benefit from Plaintiff's credit as a result of Experian's failure to correct or delete the inaccurate reporting as required by law, including in connection with the June 5, 2026 automobile financing application.

41. Due to Experian's conduct, Plaintiff has suffered damages including but not limited to: loss of credit, denial of credit, higher interest rates, loss of the ability to purchase and benefit from credit, loss of time spent attempting to correct Experian's reporting, anxiety, humiliation, embarrassment, damage to reputation, and other mental and emotional distress. Each time Plaintiff applies for credit, Plaintiff experiences anxiety and uncertainty surrounding whether Experian's inaccurate data will result in rejection or increased scrutiny.

42. Experian's conduct was willful. Experian had actual, account-level notice of each inaccuracy from Plaintiff's written dispute, possessed on the face of its own reports the evidence of the inconsistencies (including a facially impossible delinquency progression and a recent-payment field contradicting a full past-due balance), and nevertheless continued the inaccurate reporting. Experian's conduct entailed “an unjustifiably high risk of harm that is either known or so obvious that it should be known.” *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007). In the alternative, Experian's conduct was negligent.

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681e(b) (Experian)**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

44. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and credit file it published and maintained concerning Plaintiff, including after the date Plaintiff put Experian on notice of the specific disputed inaccuracies.

45. Maximum possible accuracy requires reporting information that is neither patently incorrect nor materially misleading. Experian failed to follow reasonable procedures to assure maximum possible accuracy where Plaintiff specifically disputed each inaccurate and incomplete item, yet Experian verified each account and continued to report the full balances as past due on performing settlement accounts, a facially impossible delinquency progression, and tradelines missing required dispute notations.

46. As a result of Experian's violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

47. Experian's violations were willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT II**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681i(a)(1)(A) (Experian)**

49. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

50. Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate, and by failing to record the current status of the disputed information or delete the items from Plaintiff's file, within thirty days of receiving Plaintiff's dispute.

51. As a result of Experian's violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

52. Experian's violations were willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

53. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT III**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681i(a)(2)(A) (Experian)**

54. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

55. Experian violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide notification of Plaintiff's dispute, including all relevant information regarding the dispute that Experian received from Plaintiff — including the existence of the settlement agreements, the agreed balances, and the specific payment-history errors Plaintiff identified — to the furnishers of the disputed information within five business days of receiving Plaintiff's dispute.

56. As a result of Experian's violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

57. Experian's violations were willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

58. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT IV**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681i(a)(4) (Experian)**

59. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

60. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed accounts in conducting its reinvestigation.

61. As a result of Experian's violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

62. Experian's violations were willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

63. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT V**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681i(a)(5)(A) (Experian)**

64. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

65. Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed items of information from Plaintiff's file, or modify the items of information, upon completion of a lawful reinvestigation, where the information was inaccurate, incomplete, or could not be verified.

66. As a result of Experian's violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

67. Experian's violations were willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

68. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT VI**

**FAILURE TO PROVIDE FULL FILE DISCLOSURE**

**15 U.S.C. § 1681g (Experian)**

69. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

70. Under 15 U.S.C. § 1681g(a)(1), a consumer reporting agency must, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

71. Plaintiff submitted a valid request to Experian for Plaintiff's full file disclosure as defined by § 1681g. (See Exhibit A).

72. Experian willfully and/or negligently failed to provide all information in Plaintiff's file.

73. Experian's refusal to provide the complete file has deprived Plaintiff of the ability to identify and challenge other potentially inaccurate or incomplete information, in direct violation of Plaintiff's rights under the FCRA, and has impaired Plaintiff's ability to safeguard Plaintiff's credit file.

74. As a result of Experian's violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of the ability to purchase and benefit from

credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

75. Experian's violations were willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

76. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT VII

## FAILURE TO ADD CONSUMER STATEMENT AND NOTE DISPUTES

## 15 U.S.C. § 1681i(b) and (c) (Experian)

77. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

78. Pursuant to 15 U.S.C. § 1681i(b), a consumer may file a brief statement setting forth the nature of the dispute, and pursuant to 15 U.S.C. § 1681i(c), whenever a statement of dispute is filed, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that the information is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof, unless there are reasonable grounds to believe the statement is frivolous or irrelevant.

79. Plaintiff submitted a clear, relevant, and non-frivolous written statement of dispute and requested that Experian include the statement in Plaintiff's file. (See Exhibit A).

80. Experian willfully and/or negligently refused to add Plaintiff's statement to Plaintiff's file. As of July 8, 2026, Experian's consumer disclosure states: “No statement(s) present at this time.” In addition, Experian reports the disputed Merrick Bank, Mission Lane, and Credit First (CFNA/BSRO) tradelines with no notation that they are disputed by the consumer.

81. As a result, Plaintiff's disputes were misrepresented to third parties, creating the false appearance that Plaintiff did not challenge the information, thereby harming Plaintiff's credibility and creditworthiness.

82. As a result of Experian's violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

83. Experian's violations were willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

84. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT VIII

## FAILURE TO PROVIDE DESCRIPTION OF REINVESTIGATION PROCEDURE

## 15 U.S.C. § 1681i(a)(6)(B)(iii) (Experian)

85. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

86. Under 15 U.S.C. § 1681i(a)(6)(B)(iii), a consumer reporting agency must, upon request, provide a consumer with a description of the procedure used to determine the accuracy and completeness of disputed information, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

87. Plaintiff properly requested this information in connection with Plaintiff's January 21, 2026 dispute. (See Exhibit A).

88. Experian failed to comply with this statutory requirement and refused to disclose the description of its procedures and the identity and contact information of the furnishers it contacted, thereby obstructing Plaintiff's ability to evaluate the adequacy of the reinvestigation and to identify and hold accountable the furnishers of the inaccurate information.

89. As a result of Experian's violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of the ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

90. Experian's violations were willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

91. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant; for Plaintiff's attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Date: August 16,2026

Respectfully submitted,

*/s/ Esther Oise*
**Esther Oise, Esq.**
Georgia Bar No. 686342
Oise Law Group, P.C.
2635 Governors Walk Blvd
Snellville, GA 30039
(770) 895-3736 | oiselaw@gmail.com
*Attorney for Plaintiff*